UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONDELL GREGORY CROCKER,

                Plaintiff,

          -against-

N.Y.P.D., TRANSIT DISTRICT #2,

                Defendant.

26-CV-0723 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the court's diversity of citizenship jurisdiction, alleging that officers of the New York City Police Department ("NYPD") failed to investigate a reported robbery.  By Order dated March 30, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (ECF No. 5.) The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not  accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678-79.   After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –-not merely possible –- that the pleader is entitled to relief.  *Id.*

## BACKGROUND

Plaintiff, who is a resident of Newark, New Jersey, brings this action under the court's diversity of citizenship jurisdiction against the NYPD.  The following facts are drawn from the complaint.[1]  On December 24, 2025, while on a subway in Manhattan, Plaintiff was "robbed by a rough looking guy that had a sharp object." (ECF 1, at 5.)  The individual stole Plaintiff's bag containing personal items, including his phone and driver's license.

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

At an unspecified location, Plaintiff reported the crime to NYPD officers who "laughed" and told Plaintiff that he was "sleeping on the train," and implied that Plaintiff was lying about the robbery. (*Id.* at 6.)  The next day, Plaintiff went to the NYPD's Transit Precinct to file a report, but the officers' "priority" was a "traffic warrant" previously issued against Plaintiff, which he "later resolved."  (*Id.*)  The officers at the precinct told Plaintiff that detectives would call him, but "[c]ome to find out no report was ever tak[en]."  (*Id.*)

Plaintiff alleges that he suffered "mental trauma" and depression as a result of the incident.  (*Id.*)  Plaintiff seeks $313,000 in damages.

**DISCUSSION**

**A.      Claims Against the New York City Police Department**

The Court must dismiss Plaintiff's claims against the NYPD because NYPD's municipal charter does not permit it to be sued.  *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.");  *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (stating NYPD is not a proper defendant); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe his allegations against the NYPD as being asserted against the City of New York.

**B.      State Law Claims**

Because Plaintiff states that he is bringing claims under the court's diversity of citizenship jurisdiction, the Court assumes he is intending to assert claims under state law against the City of New York arising from the NYPD officers' failure to investigate his report. As an initial matter, the Court is satisfied that it has diversity jurisdiction under 28 U.S.C. § 1332 to consider Plaintiff's state law claims. Because Plaintiff alleges that he is a citizen of the State of New Jersey and the City of New York is a citizen of the State of New York, complete diversity of citizenship exists. Furthermore, Plaintiff seeks more than $75,000 in damages, thus satisfying the jurisdictional threshold.

The Court understands Plaintiff to be asserting claims of negligence arising from the NYPD's failure to investigate his complaint. "When a negligence claim is asserted against a municipality or its employees, the threshold inquiry is 'whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose.'" *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) (quoting *Applewhite v. Accuhealth, Inc.*, 21 N.Y.3d 420, 425 (2013)). "Providing police protection has long been recognized as a quintessential governmental function." *Id.* (citing *Valdez v. City of New York*, 18 N.Y.3d 69, 75 (2011)). If the officers or municipality were acting in a governmental capacity, the plaintiff must plead the existence of a "special duty" beyond that owed to the general public. *See Valdez*, 18 N.Y.2d at 75. To establish a special duty beyond that owed to the general public, a plaintiff must allege facts suggesting:

> (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.

4

*Applewhite*, 21 N.Y.3d at 430–31 (internal quotation omitted).  A court may dismiss a complaint for failure to state a claim on which relief may be granted "when the plaintiff fails to allege or provide the factual predicate for a special relationship in the complaint." *McKenzie v. City of Mount Vernon*, No. 18-CV-0603 (VB), 2018 WL 6831157, at *9 (S.D.N.Y. Dec. 28, 2018) (internal quotations omitted).

Here, Plaintiff alleges that the police failed to investigate his report that he was robbed. Plaintiff does not allege, however, that the City of New York owed him a greater duty "than that owed to the public generally." *Valdez*, 18 N.Y.2d at 75.  Even if the Court assumes that Plaintiff had communicated directly with NYPD officers and that the officers knew that their inaction in investigating Plaintiff's complaint could lead to harm, Plaintiff alleges no facts suggesting that the City of New York or the individual officers assumed, through promises or action, an affirmative duty to act on his behalf or that Plaintiff relied on that affirmative promise.  *See Cuffy v. City of New York*, 69 N.Y.2d 255, 261 (1987) ("[T]he injured party's reliance is as critical in establishing the existence of a 'special relationship' as is the municipality's voluntary affirmative undertaking of a duty to act."); *see also Lockridge v. Buffalo Police*, No. 18-CV-0813, 2019 WL 1540823, at *7 (W.D.N.Y. Apr. 9, 2019) (finding no special relationship where plaintiff alleges that police officers failed to investigate his robbery).  The Court therefore dismisses Plaintiff's negligence claims, under New York state law, against the City of New York.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Claims Under Federal Law

In light of Plaintiff's *pro se* status, the Court will also construe his complaint as asserting federal constitutional claims under 42 U.S.C. § 1983.  Government officials generally have no federal constitutional duty to investigate or otherwise protect an individual from harm.  *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty.*

*Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also*, *e.g.*, *Baltas v. Jones*, No. 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials'" (citation omitted)); *Morris v. City of New York*, No. 14-CV-1749 (JB) (LB), 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) ("[P]olice officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." (citation omitted)).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; or (2) when a state agent  assisted in creating or increasing the danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Neither of the exceptions to the rule is applicable here.  Plaintiff's allegations show that he was never in state custody, and the danger of which he complains was not affirmatively created or increased by government officials.  The Court therefore dismisses any Section 1983 claims Plaintiff may be attempting to assert for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int' l Bus. Machines Corp.*, 310 F.3d

6

243, 258 (2d Cir. 2002); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at \*7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because nothing in the complaint suggests Plaintiff could allege additional facts that would cure the deficiencies identified above, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 18, 2026
        New York, New York

                            /s/ Kimba M. Wood
                            KIMBA M. WOOD
                            United States District Judge

7